# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL P. WARD, FRANTZ H. MARTIAL, and MOSIS GREGOIRE<br><br>Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER DIERY LOUIS, POLICE OFFICER BALKARRA MAGNAL, and DOES 1-10,<br><br>Defendants. | No. 11 Civ. 4267 (RRM)(JMA)<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiffs Michael P. Ward, Frantz H. Martial, and Mosis Gregoire, by their attorney, John M. Lambros, respectfully alleges as follows:

## NATURE OF THE ACTION

1. This action arises from the deprivation of Plaintiffs' rights guaranteed to them under the First, Fourth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1983 and 1988, the statutory and common laws of New York State, and the New York State Constitution.

## JURISDICTION

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because the allegations contained in this Complaint arose in Kings County, New York.

## PARTIES

4. Plaintiff Ward resides in Kings County, New York. Plaintiff Martial resides in Cambria Heights, NY. Plaintiff Gregoire resides in St. Albans, NY.

5. Defendant the City of New York is a municipality existing under the laws of New York State.

6. Police Officer Diery Louis is a police officer employed by the City of New York. His command is the 81st Precinct, the address for which is 30 Ralph Avenue, Brooklyn, NY 11221.

7. Police Officer Bankarra Magnal is a police officer employed by the City of New York. His command is the 81st Precinct, the address for which is 30 Ralph Avenue, Brooklyn, NY 11221.

8. Defendants Does 1 through 10 are yet-to-be identified individuals with the NYPD and are sued in their individual, official, and supervisory capacities.

9. At all times hereinafter mentioned, the individual defendants, either personally or through their agents, were acting within the scope of their employment and under color of state law and/or in compliance with and in furtherance of the official rules, regulations, laws, customs, usages and/or practices of the City of New York and the NYPD. All of the acts of NYPD officers complained of herein were committed by one or more of the aforementioned defendants. Plaintiff is presently without sufficient knowledge or information to particularize the specific acts of individual defendants.

# FACTS

10. On or around April 20, 2011, Plaintiffs were in a vehicle that was stopped by the defendants on Broadway and Madison in Brooklyn. The officers were from the 81st Precinct. The officers, inexplicably and without provocation, assaulted and battered Plaintiffs, who had not offered any resistance. In addition, the officers used pepper spray against Plaintiffs, who were, again, offering no resistance. A crowd had gathered that was chanting 'let them go; they didn't do anything.' Plaintiffs were subsequently arrested in an unnecessarily violent fashion as they were offering no resistance. When Plaintiff Ward complained that the handcuffs were cutting off his circulation, one of the officers challenged him to a fight—encouraging Plaintiff Ward to spit on him and calling Plaintiff "brother." Plaintiff Ward would not take the bait. The officers later told the gentlemen that they were stopped because of a blown taillight. Plaintiffs are informed and believe that they were stopped because they were five African-American males riding in a sedan. Plaintiffs were never charged and ultimately released after extensive physical abuse by the NYPD officers.

# FIRST CAUSE OF ACTION

(42 U.S.C. § 1983)

11. Plaintiffs repeat and reallege the allegations contained in all of the preceding paragraphs as though fully set forth herein.

12. As a result of defendants' individual and collective acts, Plaintiffs were unlawfully detained, searched, and subjected to excessive force in violation of their civil rights under the Fourth and Fourteenth Amendments to the United States

3

Constitution and in violation of their rights under the statutory and common laws of New York State and the New York State Constitution.

13. Plaintiffs suffered injuries due to defendants' deliberate indifference to Plaintiffs' rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution. Specifically, the City failed to adequately train, supervise, and/or discipline members of the police department and said indifference resulted in the violation of Plaintiffs' rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution.

14. Plaintiffs were injured by defendants because their acts were perpetrated based on custom, usage, patterns, and policies instituted by the municipal policymakers and resulting in violations of Plaintiffs' civil rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution.

15. Specifically, reviewing the totality of the circumstances, the individual defendants' decisions to search, seize, and subject Plaintiffs to excessive force lacked any legal justification.

16. The City's training and supervision policies were (and continue to be) constitutionally inadequate. "While New York City pays the Police Department's skyrocketing legal bills, the department makes almost no effort to learn from lawsuits brought against it and its officers. The department does not track which officers were named, what claims were alleged or what payouts were made in the thousands of suits brought each year. What's more, officers' personnel files contain no record of the allegations and results of lawsuits filed against them." Joanna C.

Schwartz, *Watching the Detectives*, N.Y. TIMES, June 16, 2011 at A35 (reporting on a study of police misconduct cases conducted by New York's Comptroller, John C. Liu.). Accordingly, the City deliberately provides officers with no incentive to avoid Constitutional violations.

17. Plaintiffs were injured because the defendants failed to intervene to stop the illegal acts perpetrated against Plaintiffs and conspired against Plaintiffs, and, as a result, violated Plaintiffs' rights under the United States Constitution, the statutory and common laws of New York State, and the New York State Constitution. Here, not one of the numerous officers at the scene intervened to stop the humiliating and violent treatment of Plaintiffs. Because New York City has notice of, but has repeatedly failed to make any meaningful investigation into charges that its employees were violating citizens' constitutional rights, it is further exposed to *Monnell* liability.

18. Damages from the search and seizure of Plaintiffs, coupled with the use of excessive force used against him, which were in violation of the Fourth Amendment, are presumed. Where the plaintiffs, as here, were indisputably deprived of their liberty, and the conduct of the defendants responsible for the deprivation is unlawful (*e.g.,* excessive force), the plaintiffs are entitled to not merely nominal, but compensatory damages.[1]

19. Because there is Constitutional injury—*i.e.,* excessive force, unlawful search, and seizure—and there is no genuine dispute that the violation resulted in

---

[1] *See Kerman v. City of New York*, 374 F.3d 93 (2nd Cir. 2004).

5

injury to the plaintiffs, the plaintiffs are entitled to an award of compensatory damages as a matter of law, which are to be determined by a jury.[2]

20. Plaintiffs also seeks damages for emotional distress and humiliation, economic damages, and punitive damages to be determined by a jury. Plaintiffs also seeks attorneys' fees.

## SECOND CAUSE OF ACTION

(Negligence)

21. Plaintiffs repeat and reallege the allegations contained in all of the preceding paragraphs as though fully set forth herein.

22. Defendants owed Plaintiffs a duty of reasonable care. Defendants breached that duty by unlawfully searching and seizing Plaintiffs, and subjecting Plaintiffs to excessive force. In addition, the City has a duty to monitor its officers and impose internal discipline when improper behavior is substantiated. In short, the City is obligated to weed out the bad apples. Its failure to do so also constitutes a breach of its duty of care. Defendants' breach was the legal and proximate cause of harm to Plaintiffs, discussed *supra*. Specifically, failing to discipline and train officers not to falsely arrest or unlawfully search and seize, particularly when they previously have done so, and the City has turned a blind eye, proximately caused the injuries complained of herein.

23. Defendants' individual and collective acts constituted negligent training and/or supervision and resulted in violation of Plaintiffs' rights under the laws of the State of New York.

---

[2] *Id.*

24. The City is liable under the theory of respondeat superior for the tortious conduct of its officers and otherwise responsible for the violations of Plaintiffs' rights under the laws of the State of New York and the United States.

25. As a result of the foregoing, Plaintiffs have been damaged and seek economic damages, compensatory damages, damages for emotional distress, along with any punitive damages because defendants' actions were intentional, reckless, grossly negligent and/or willful and wanton, costs, and fees, as may be deemed proper by a jury and the Court.

### THIRD CAUSE OF ACTION

(False Imprisonment)

26. Plaintiffs repeat and reallege the allegations contained in all of the preceding paragraphs as though fully set forth herein.

27. As a result of defendants' individual and collective acts, Plaintiffs were subjected to unlawful detention in violation of their rights under the laws of the State of New York. Specifically, Plaintiffs were detained and beaten without legal justification.

28. As a result of defendants' actions and/or inaction, Plaintiffs now suffer from severe emotional distress. Plaintiffs also seeks costs and fees to be determined by the Court or a jury.

### FOURTH & FIFTH CAUSES OF ACTION

(Assault & Battery)

29. Plaintiffs repeat and reallege the allegations contained in all of the preceding paragraphs as though fully set forth herein.

30. As a result of defendants' individual and collective acts, Plaintiffs were subjected to assault and battery in violation of his rights under the laws of the State of New York when he was repeatedly subjected to unauthorized and offensive touching and threatened by the Officer defendants.

31. As a result of defendants' actions and/or inaction, Plaintiffs suffered mental and emotional trauma, and compensatory damages.

32. As a result of the foregoing, Plaintiffs have been damaged and seek compensatory damages, along with any punitive damages, costs, and fees as may be deemed proper by a jury.

**SIXTH CAUSE OF ACTION**

(Malicious Prosecution)

33. Plaintiffs repeat and reallege the allegations contained in all of the preceding paragraphs as though fully set forth herein.

34. A criminal proceeding was commenced against Plaintiff.

35. This criminal preceding was terminated in Plaintiff's favor.

36. Probable cause was lacking.

37. The proceeding was brought out of actual malice or an improper purpose.

**WHEREFORE,** Plaintiffs demand judgment against the defendants individually and collectively for the following:

a) Compensatory damages to be determined by a jury for pain and suffering, mental anguish, and deprivation of liberty;

b) Punitive damages to be determined by a jury for defendants' intentional, reckless, outrageous and illegal conduct;

c) Reasonable attorneys' fees and costs;

d) Economic damages;

e) Injunctive and declaratory relief; and

f) Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury for all issues pursuant to Fed. R. Civ. P. 38(b).

Dated: New York, NY
December 12, 2011

**LAW OFFICE OF JOHN M. LAMBROS**

By: _/s John M. Lambros_
John M. Lambros (JL1265)
40 Wall Street, 28th Floor
New York, NY 10005
Telephone: (212) 430-6474
Facsimile: (212) 208-2933
John@Lambroslawfirm.com